Donald P. Sullivan (State Bar No. 191080)
Emely Y. Garcia (State Bar No. 361848)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:  Donald.Sullivan@jacksonlewis.com
E-mail:  Emely.Garcia@jacksonlewis.com

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DAVIS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION d/b/a IBM, a New York corporation, and DOES 1 through 50, inclusive.<br><br>    Defendants. | Case No.<br><br>**DEFENDANT INTERNATIONAL BUSINESS MACHINE CORPORATION'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446** |

TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF TERRY DAVIS AND HIS ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendant International Business Machines Corporation ("IBM Corp."), through undersigned counsel, Jackson Lewis P.C., hereby removes civil action CGC-25-624020 ("Action") from the Superior Court of the State of California, in and for the County of San Francisco, to the United States District Court, Northern District of California. In support of this Notice of Removal, IBM Corp. states as follows:

## OVERVIEW

1.    This case is removable to the United States District Court, Northern District of California, because: (a) the amount in controversy, exclusive of interest and costs exceeds

1

$75,000; and (b) Plaintiff and IBM Corp. are citizens of different states. According to Plaintiff, he is a California resident. *See* Ex. A, Complaint, at ¶ 1. IBM Corp. is New York corporation. *Id.,* at ¶ 2. Further, the minimum amount in controversy requirement is satisfied for the reasons stated herein. Accordingly, and as set forth in further detail below, removal is appropriate based on diversity jurisdiction under 28 U.S.C. sections 1332 and 1441.

2.    This Notice of Removal is timely filed under 28 U.S.C. section 1446.

## SERVICE OF THE COMPLAINT AND SUMMONS

3.    On or about April 3, 2025, Plaintiff filed his Complaint against IBM Corp., Civil Action No. CGC-25-624020, in the Superior Court of the State of California, in and for the County of San Francisco, alleging age and race discrimination and failure to prevent discrimination and retaliation in violation of California's Fair Employment and Housing Act ("FEHA"), wrongful termination in violation of public policy, unfair business practices, and intentional infliction of emotional distress. *See* Ex. A.

4.    On September 8, 2025, Plaintiff caused the following documents to be personally served on IBM Corp.'s agent for service of process: (i) Summons (attached hereto as Exhibit B); (ii) Complaint (attached hereto as Exhibit A); and (iii) Civil Case Cover Sheet, Notice of Case Management Conference, Order Continuing Case Management Conference, and Information Sheet – Voluntary Expedited Jury Trial Summary (attached hereto as Exhibit C). Exhibits A through C represent the totality of process, pleadings and orders served on IBM Corp. to date in the matter pending in state court.

## STATEMENT OF GROUNDS FOR REMOVAL

5.    28 U.S.C. section 1441(a) provides that: "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.    28 U.S.C. section 1332(a) grants original jurisdiction in the United States District Courts for "all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States."

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

7.    This Court has diversity jurisdiction pursuant to 28 U.S.C. section 1332 because: (a) the amount in controversy, exclusive of interest and costs, more likely than not exceeds $75,000; and (b) Plaintiff and IBM Corp. are citizens of different states.

## **AMOUNT IN CONTROVERSY**

8.    IBM Corp. believes in good faith that the amount in controversy in this Action exceeds $75,000, even though Plaintiff's Complaint does not specify a particular amount in controversy. Where a plaintiff's state court complaint does not specify the particular amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and the statement need not contain evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82, 89 (2014).

9.    Plaintiff has asserted claims in his Complaint that provide for recovery of economic damages, non-economic damages, including emotional distress damages, punitive damages, attorneys' fees, costs and restitution. Ex. A. In the Prayer of his Complaint, he asserts that he is seeking compensatory, general, consequential, and special damages, including without limitation, past and future wages and employment benefits according to proof, "but in excess of $35,000." *Id*. Plaintiff also seeks actual and liquidated damages, specific damages, punitive and exemplary damages, "all unpaid wages, including regular wages, minimum wages, meal premium wages, and rest premium wages, to the extent applicable by law," statutory and civil penalties, pre- and post-judgment interest, reasonable attorney's fees, costs, expert fees, and costs of suit. *Id*.

10.    An award of emotional distress and attorney's fees alone are likely to exceed the jurisdictional threshold of this Court. *See, e.g., Jonathan Harris v. One America News Network, et. al.*, No. 37-2018-00033996-CU-OE-CTL, 2020 JURY VERDICTS LEXIS 54828 (San Diego Sup. Ct.) (jury awarded $180,000 for past noneconomic damages and $90,000 in future noneconomic damages in retaliation case); *Nicole Birden v. The Regents of the Univ. of Cal.*, No. BC663189, 2019 Jury Verdicts LEXIS 22934 (L.A. Super. Ct.) (jury awarded $500,000 for past emotional distress and $800,000 for future emotional distress in a discrimination and harassment

3

case); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002).

## DIVERSITY OF CITIZENSHIP

11.    Plaintiff alleges that he is a California resident. Ex. A, at ¶ 1.

12.    "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1). A corporation's principal place of business is where its "high level officers direct, control, and coordinate the corporation's activities."  *Hertz v. Friend*, 130 S. Ct. 1181, 1186 (2010).

13.    IBM Corp. is a corporation that is headquartered in and incorporated under the laws of the State of New York. IBM Corp.'s officers direct, control, and coordinate IBM Corp.'s activities from its headquarters in Armonk, New York. Thus, IBM Corp. is a citizen of New York and not California.

14.    Accordingly, complete diversity exists between Plaintiff and IBM Corp.

## VENUE

15.    Venue lies in the United States District Court, Northern District of California, pursuant to 28 U.S.C. section 1441 and Civil L.R. 3-2(d) because Plaintiff filed his lawsuit in the Superior Court of California, County of San Francisco. Ex. A.

## REMOVAL

16.    The prerequisites for removal under 28 U.S.C. section 1441 have been met because the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. section 1332(a).

17.    Pursuant to 28 U.S.C. section 1446(b)(3), IBM Corp. files this Notice of Removal within 30 days after it was served with the Summons and Complaint.

18.    IBM Corp. has not filed an answer or other responsive pleading in the state court action.

19.    IBM Corp. has paid or will pay the filing fees prescribed by this Court's rules.

20.    A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of California, San Francisco County, pursuant to 28 U.S.C. section 1446(d).

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

**NO WAIVER**

21.    IBM Corp. submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has asserted a claim upon which relief can be granted.

WHEREFORE, IBM Corp. respectfully requests that the U.S. District Court for the Northern District of California accept jurisdiction of this action, and henceforth that this action be placed upon the docket of this Court for further proceedings as if this case had been originally instituted in this Court.

Dated:  October 8, 2025                                    JACKSON LEWIS P.C.


By:    _/s/ Donald P. Sullivan_
                Donald P. Sullivan
                Emely Y. Garcia
                Attorneys for Defendant
                INTERNATIONAL BUSINESS
                MACHINES CORPORATION

DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446