United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRY DAVIS,

　　　　　Plaintiff,

　　　v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

　　　　　Defendant.

Case No. 25-cv-08620-RS

**ORDER RE MOTION TO DISMISS**

The operative First Amended Complaint in this action alleges that after nearly four decades of successful employment at IBM, plaintiff Terry Davis was wrongfully terminated as the result of age and race-based discrimination. IBM does not challenge the adequacy of the pleading of claims for relief based on discrimination and wrongful termination, but moves to dismiss counts for unfair business practices in violation of California Business and Professions Code § 17200 and for intentional infliction of emotional distress. Pursuant to Civil Local Rule 7-1(b), the motion to dismiss is suitable for disposition without oral argument, and the hearing set for February 26, 2026, is vacated.

IBM challenged the § 17200 claim of the initial complaint by arguing Davis had alleged no facts sufficient to show a right to restitution. Davis filed an amended complaint in lieu of opposing the motion to dismiss, and now argues the current complaint makes *no* claim for restitution as a remedy. Davis expressly "limits his remedies under this claim to equitable and injunctive relief." While this moots the question of whether there are grounds for restitution, Davis, identifies no

cognizable basis for any other "equitable" relief under these circumstances, or for "injunctive relief," given that he is no longer employed by IBM and is not seeking reinstatement. Davis also lacks standing to seek an injunction that arguably would benefit *other* individuals employed by, or seeking employment at, IBM. The fifth claim for relief of the First Amended complaint is therefore dismissed, without further leave to amend.

IBM seeks dismissal of the claim for intentional infliction of emotion distress by arguing there are no allegations of "extreme and outrageous conduct" on its part. Under California law, "[a] cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (cleaned up). "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. And the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result." *Id*. at 1050–51 (cleaned up).

Whether "conduct has been sufficiently extreme and outrageous to result in liability" is a question of fact. *Cross v. Bonded Adjustment Bureau*, 48 Cal. App. 4th 266, 283 (1996). That said, "[g]iven an employee's fundamental, civil right to a discrimination free work environment [citations], by its very nature, [discrimination] in the work place is outrageous conduct as it exceeds all bounds of decency usually tolerated by a decent society." *Washington v. California City Correction Ctr*., 871 F. Supp. 2d 1010, 1032 (E.D. Cal. 2012). Accordingly, there is no basis to dismiss the claim for intentional infliction of emotional distress at this juncture.

The motion to dismiss is granted without leave to amend as to the § 17200 claim and denied as to the intentional infliction of emotional distress claim. Defendant shall file a responsive pleading within 20 days of the date of this order.

**IT IS SO ORDERED**.

Dated: February 17, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

CASE NO. 25-cv-08620-RS